NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0403-16T4

E.T.,

 Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES,

 Respondent-Respondent,

and

HUDSON COUNTY BOARD OF SOCIAL
SERVICES,

 Respondent.

___________________________

 Submitted October 4, 2017 – Decided November 20, 2017

 Before Judges Koblitz and Manahan.

 On appeal from the Division of Medical
 Assistance and Health Services, Department of
 Human Services.

 SB2, Inc., attorneys for appellant (John
 Pendergast, on the briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa H. Raksa,
 Assistant Attorney General, of counsel;
 Stephen Slocum, Deputy Attorney General, on
 the brief).

PER CURIAM

 Petitioner E.T. appeals the August 12, 2016 final agency

decision of the Director of the Division of Medical Assistance and

Health Services (Director), denying Medicaid benefits for failure

to provide necessary verifications. We affirm.

 We briefly recite the underlying facts and procedural history

relevant to our decision. E.T. became a nursing facility resident

in 2012. Shortly thereafter, Sam Stern was appointed as E.T.'s

authorized representative and attorney–in-fact.1

 On August 6, 2015, Future Care Consultants (Future Care), on

behalf of E.T., first filed application for Medicaid benefits to

the county welfare agency (CWA), Hudson County Board of Social

Services (HCBSS). On August 18, 2015, Future Care received

correspondence from HCBSS requesting additional necessary

verifications excluded from E.T.'s application, giving a deadline

of September 29. The requested verifications included E.T.'s bank

records and a billing and payment history from the nursing

facility.

1
 Sam Stern is owner of Future Care Consultants, the financial
agent for multiple nursing facilities in New Jersey, including
E.T.'s facility.

 2 A-0403-16T4
 Upon further review of the application, HCBSS discovered two

additional bank accounts that required verification. By notice

dated September 3, 2015, HCBSS requested the additional

verifications from Future Care, however, the due date specified

on the notice was incorrectly deemed September 14, rather than

September 29. On multiple occasions thereafter, HCBSS notified

Future Care by telephone regarding the due date error on the

September 3 notice, and to confirm the verifications were due by

September 29. Future Care did not remark about their non-receipt

of the September 3 notice, nor awareness of the due date error

reflected on the notice. Subsequently, by facsimile, Future Care

provided the missing verifications requested within the August 18

notice, but neglected to include the additionally requested

verifications from the September 3 notice.

 On September 17, Future Care submitted another application

for Medicaid benefits on behalf of E.T. assuming incorrectly that

the first application had been denied. Since HCBSS did not

consider the original application as denied, it processed the

September 17 submission as part of the August 6 application.2

2
 In the ALJ's decision, the judge found the September 17
submission by HCBSS to be a "second application." The Director
concluded that this finding was erroneous and that this submission
was part of the first application of August 6.

 3 A-0403-16T4
 The following day, Stern emailed HCBSS stating, "We were told

about but never [rec]eived a second pending letter with an earlier

due date than the first letter." In response, HCBSS confirmed

that the September 3 notice was sent and an explanation of the

incorrect due date was given to a Future Care representative.

Notwithstanding, the required verifications regarding the

additional bank accounts requested by HCBSS were not provided.

 On October 13, 2015, two weeks after the September 29 due

date, HCBSS denied E.T.'s first Medicaid application for failing

to provide the necessary verifications requested in the September

3 notice. Future Care appealed, and the matter was scheduled for

an administrative hearing before an administrative law judge

(ALJ).3

 The appeal hearing was held on May 4, 2016. Testimony was

presented by both parties. On June 27, 2016, the ALJ issued an

initial decision reversing the HCBSS's denial and granting E.T.

Medicaid benefits effective September 17, 2015. In reaching the

decision, the ALJ concluded, "[E.T.] failed to provide

verification of resources in a timely manner for the first

application [August 6], but timely provided documentation for the

3
 While the hearing was pending, Future Care filed another separate
application for Medicaid benefits on E.T.'s behalf, which was
approved.

 4 A-0403-16T4
second application of September 17, 2015." The ALJ further

concluded that, "Future Care provided the required verification

documentations in a timely manner for the September 17, 2015

application and should be granted eligibility effective that

date."

 On August 12, 2016, the Director issued a final agency

decision, which adopted the ALJ's finding that E.T. did not timely

provide the requested verifications with regard to the August 6

application, and the application for Medicaid was properly denied

for failure to provide necessary verification. However, the

Director reversed the ALJ's findings and conclusions regarding the

September 17 application, finding a lack of support in the record

that an application was submitted on that date or that any notice

was transmitted to the OAL.4 This appeal followed.

 I.

 As a threshold matter, an appellate court will not reverse

the decision of an administrative agency unless it is "arbitrary,

capricious or unreasonable or it is not supported by substantial

credible evidence in the record as a whole." Henry v. Rahway

4
 Additionally, according to the Director's final decision,
consistent with the petitioner's brief, the second Medicaid
application was filed in November 2015. As such, the Director
held that "any findings or conclusions regarding the timeliness
of petitioner's submissions in connection with subsequent Medicaid
applications are not currently before the court."

 5 A-0403-16T4
State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't

of Civil Serv., 39 N.J. 556, 562 (1963)). In cases where an agency

head reviews the fact-findings of an ALJ, a reviewing court must

uphold the agency head's findings even if they are contrary to

those of the ALJ, if supported by substantial evidence. In re

Suspension of License of Silberman, 169 N.J. Super. 243, 255-56

(App. Div. 1979), aff’d, 84 N.J. 303, 418 (1980); S.D. v. Div. of

Med. Assistance and Health Servs., 349 N.J. Super. 480, 483-84

(App. Div. 2002).

 New Jersey participates in the federal Medicaid program

pursuant to the New Jersey Medical Assistance and Health Services

Act, N.J.S.A. 30:4D-1 to -19.5. Eligibility for Medicaid in New

Jersey is governed by regulations adopted in accordance with the

authority granted by N.J.S.A. 30:4D-7 to the Commissioner of the

Department of Human Services. The Division of Medical Assistance

and Health Services (DMAHS) is the agency with the Department of

Human Services that administers the Medicaid program. N.J.S.A.

30:4D-5, -7; N.J.A.C. 10:49-1.1. Accordingly, DMAHS is charged

with the responsibility for safeguarding the interests of the New

Jersey Medicaid program and its beneficiaries. N.J.A.C. 10:49-

11.1(b). DMAHS is required to manage the state's Medicaid program

in a fiscally responsible manner. See Dougherty v. Dep't of Human

Servs., Div. of Med. Assistance & Health Servs., 91 N.J. 1, 4-5

 6 A-0403-16T4
(1982); Estate of DeMartino v. Div. of Med. Assistance & Health

Servs., 373 N.J. Super. 210, 217-19 (App. Div. 2004).

 The local CWA evaluates Medicaid eligibility. N.J.S.A.

30:4D-7a; N.J.A.C. 10:71-2.2(a); N.J.A.C. 10:71-3.15. Eligibility

must be established based on the legal requirements of the program.

N.J.A.C. 10:71-3.15. The CWA must verify the equity value of

resources through appropriate and credible sources. If the

applicant's resource statements are questionable or the

identification of resources is incomplete, "the CWA shall verify

the applicant's resource statements through one or more third

parties." N.J.A.C. 10:71-4.1(d)(3).

 "The process of establishing eligibility involves review of

the application for completeness, consistency, and

reasonableness." N.J.A.C. 10:71-2.9. Applicants must provide the

CWA with verifications, which are identified for the applicant.

The applicant must "[a]ssist the CWA in securing evidence that

corroborates his or her statements." N.J.A.C. 10:71-2.2(e)(2).

The applicant’s statements in the application are evidence and

must substantiate the application with corroborative information

from pertinent sources. N.J.A.C. 10:71-3.1(b).

 The CWA must timely process the application. See 42 U.S.C.A.

§ 1396(a)(3); 42 C.F.R. § 435.911; N.J.A.C. 10:71-2.3. It must

send each applicant written notice of the agency's decision on his

 7 A-0403-16T4
or her application and if eligibility is denied, the reasons for

the denial and right to request a fair hearing. See 42 C.F.R. §

435.913; N.J.A.C. 10:71-8.3. The CWA should deny applications

when the applicant fails to timely provide verifications. See

N.J.A.C. 10:71-2.2(e), -2.9, -3.1(b).

 Here, E.T. argues the Director's final decision is plainly

unreasonable due to its failure to recognize the September 17

application as separate from the August 6 application. We

disagree. Stern acknowledged during the hearing before the ALJ

that HCBSS accepted the September 17 application as part of the

August 6 application. Furthermore, although the ALJ found the

September 17 application to be separate, it was stipulated by the

parties that only the August 6 application was before the ALJ.

 Given the deference we accord the Director's findings and

having determined that they are supported by sufficient credible

evidence in the record, we conclude the decision was neither

arbitrary nor unreasonable. As such, we discern no basis to

disturb the decision.

 II.

 E.T. further contends that HCBSS violated Medicaid

Communication No. 10-09. Medicaid Communication No. 10-09 states:

 If additional verifications are needed
 and the applicant or their representative does
 not respond to the worker's request after a

 8 A-0403-16T4
 time period, as specified by the Agency, an
 additional request for information must be
 sent informing the applicant of what
 documentation is still needed in order to
 determine their eligibility. This letter will
 also inform the applicant or their
 representative that if the information is not
 received within the specified time period form
 the receipt of the request, the case will be
 denied.

 . . . .

 If the applicant or their representative
 continues to fail to provide the requested
 information, or fails to act within the spirit
 of cooperation, a denial letter with
 applicable New Jersey Administrative Code
 citations must be sent to the applicant.
 After the denial letter is sent, no further
 documentation will be accepted by the Agency.
 The applicant or their representative will be
 informed that a new application must be
 submitted; however, verifications from the
 previous application shall be utilized in the
 new application where applicable. Every
 application must have a disposition regarding
 eligibility within these new timeframes,
 except when documented exceptional
 circumstances arise.

 Although Stern claimed that Future Care did not receive the

September 3 notice, he did not dispute that HCBSS sent the notice

to the correct address. A properly addressed letter which is not

returned is deemed received. See First Resolution Inv. Corp. v.

Seker, 171 N.J. 502, 506 (2002) (citing Morristown Mem'l Hosp. v.

Caldwell, 340 N.J. Super. 562, 564 (App. Div. 2001)).

 9 A-0403-16T4
 The record supports that multiple attempts were made by HCBSS

to notify Future Care regarding the missing verifications.

Saliently, Stern testified that he was aware of the September 3

notice when he corresponded with HCBSS.

 Although the ALJ found as fact that E.T. did not receive the

notice, the Director is not bound by the ALJ's fact-finding and

may adopt, modify, or reject the ALJ's decision. N.J.A.C. 1:1-

18.3. Here, the Director modified the ALJ's decision because

sufficient credible evidence found within the record demonstrated

that the September 3 notice was sent to E.T. It was not arbitrary,

capricious, or unreasonable for the Director to reject the ALJ's

finding that the September 3 notice was sent to Future Care.

Again, we discern no basis to disturb the decision on this score.

 III.

 Finally, E.T. argues that the court should award Medicaid

benefits due to the failure of HCBSS to comply with the duty to

assist with E.T.'s Medicaid application. Contrary to E.T.'s

argument, controlling regulations do not require the state

Medicaid agency to obtain all application information on its own.

See 42 C.F.R. § 435.948(a). The regulation directs the state

Medicaid agency to obtain limited information only "to the extent

the agency determines such information is useful to verifying the

financial eligibility of an individual." Ibid.

 10 A-0403-16T4
 There is no regulation that requires agencies to obtain

information about a Medicaid applicant's bank records from an

electronic service. See 42 C.F.R. § 435.952(c). Furthermore,

there is no regulation that precludes the state Medicaid agency

from obtaining such information directly from the Medicaid

applicant. Ibid. In New Jersey, the law requires the Medicaid

applicant to provide such information and verifications to the

relevant agency. N.J.A.C. 10:71-2.2(e); N.J.A.C. 10:71-3.1(b).

As a participant in the application process, an applicant shall

assist the county welfare agency in securing evidence that

corroborates his or her statements. N.J.A.C. 10:71-2.2(e)(2).

 Here, HCBSS requested specific verifications from E.T. on

September 3. Future Care was aware of the notice and the

information requested by HCBSS before the September 29 deadline.

However, the requested verifications were not provided, and there

was no request for additional time in order to comply. Since E.T.

both failed to provide the requested verification and failed to

satisfy the requirements imposed on Medicaid applicants by

N.J.A.C. 10:71-2.2(e) and N.J.A.C. 10:71-3.1(b), the denial of

E.T.'s August 6 Medicaid application was grounded in the applicable

regulations and was not arbitrary, capricious, or unreasonable.

 Finally, E.T. argues that the decision approving his November

Medicaid application should have been retroactive to August 6.

 11 A-0403-16T4
This argument is without merit as in contravention of applicable

law. Although E.T.'s November application was granted, it was

after the requirements imposed by the Administrative Code for

determining eligibility were satisfied. As the Director held, and

we agree, E.T. did not satisfy those requirements in his August 6

application and his eligibility for the benefits as of that date

was not established.

 We conclude E.T.'s remaining arguments, not specifically

addressed herein, lack sufficient merit to warrant discussion in

a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 12 A-0403-16T4